IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| GREG A. MAJOR, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 16-04296-CV-C-ODS |
| NANCY A. BERRYHILL,[1] | ) |
| Acting Commissioner of Social Security, | ) |
| Defendant. | ) |

## ORDER AND OPINION AFFIRMING
## COMMISSIONER'S FINAL DECISION DENYING BENEFITS

Pending is Plaintiff's appeal of the Commissioner of Social Security's final decision denying his application for disability insurance benefits. For the following reasons, the Commissioner's decision is affirmed.

## I. STANDARD OF REVIEW

The Court's review of the Commissioner's decision is limited to a determination whether the decision is "supported by substantial evidence on the record as a whole. Substantial evidence is less than a preponderance but…enough that a reasonable mind would find it adequate to support the conclusion." *Andrews v. Colvin*, 791 F.3d 923, 928 (8th Cir. 2015) (citations omitted). "As long as substantial evidence in the record supports the Commissioner's decision, we may not reverse it because substantial evidence exists in the record that would have supported a contrary outcome, or because we would have decided the case differently." *Cline v. Colvin*, 771 F.3d 1098, 1102 (8th Cir. 2014) (citation omitted). Though advantageous to the Commissioner, this standard also requires the Court consider evidence that fairly detracts from the final decision. *Anderson v. Astrue*, 696 F.3d 790, 793 (8th Cir. 2015) (citation omitted).

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Nancy A. Berryhill is substituted for former Acting Commissioner Carolyn A. Colvin as the Defendant in this suit.

Substantial evidence means "more than a mere scintilla" of evidence; rather, it is relevant evidence that a reasonable mind might accept as adequate to support a conclusion. *Gragg v. Astrue*, 615 F.3d 932, 938 (8th Cir. 2010).

## II. BACKGROUND

Plaintiff was born in 1971, has a GED, and completed some college. R. at 31-32. He previously worked as a field service manager for cable and satellite television companies, and as a jailer in a private jail. R. at 33-34. Plaintiff applied for disability insurance benefits, alleging a disability onset date of September 16, 2013. R. at 13, 32. Plaintiff's application was denied, and he requested a hearing before an administrative law judge ("ALJ"). R. at 13. A hearing was held in August 2015. R. at 28-45. In September 2015, the ALJ found Plaintiff was not disabled. R. at 13-21.

In rendering her decision, the ALJ found Plaintiff had the following severe impairments: degenerative disc disease; hypertension; syncopal episodes of an unknown/undetermined etiology; and obstructive sleep apnea. R. at 15. The ALJ determined Plaintiff has the residual functional capacity ("RFC") to:

> [P]erform sedentary work as defined in 20 CFR § 404.1567(a). Specifically, claimant is able to lift, carry, push, or pull negligible weights, such as files or documents, weighing up to 5 pounds frequently and up to and including 10 pounds occasionally. He is able to sit for 6 hours out of 8 hours; and claimant can stand or walk in combination for 5 hours out of 8 hours but for no more than 20 minutes at a time. Claimant should never climb ladders, ropes, scaffolds or stairs. He can occasionally stoop, kneel, crouch, and crawl. Claimant should never be exposed to vibration or to extreme cold. He should never drive or be exposed to dangerous machinery, unprotected heights, or open bodies of water, including bathtubs and swimming pools.

R. at 16. Based upon the RFC and the vocational expert's ("VE") testimony, the ALJ concluded Plaintiff could work as a document scanner, electronics assembler, and packager. R. at 20-21. Plaintiff appealed the ALJ's decision to the Appeals Council, which denied his appeal. R. at 1-4. Plaintiff now appeals to this Court.

2

## III. DISCUSSION

Plaintiff argues the ALJ's decision must be reversed because (1) Plaintiff's RFC was not supported by substantial evidence in the record; and (2) the ALJ failed to find Plaintiff had an impairment or combination of impairments that met or medically equaled a listed impairment.

### A. RFC

In his first point, Plaintiff argues the RFC is not supported by substantial evidence because it does not reflect the opinions of examining physicians and Plaintiff's subjective complaints. One's RFC is the "most you can still do despite your limitations." 20 C.F.R. § 404.1545(a)(1). The ALJ must base the RFC on "all of the relevant evidence, including the medical records, observations of treating physicians and others, and an individual's own description of his limitations." *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000). Because Plaintiff's RFC is a medical question, "an ALJ's assessment of it must be supported by some medical evidence of [Plaintiff's] ability to function in the workplace." *Hensley v. Colvin*, 829 f.3d 926, 932 (8th Cir. 2016) (citation omitted). "However, there is no requirement that an RFC finding be supported by a specific medical opinion." *Id.* (citations omitted).

In determining Plaintiff's RFC, the ALJ considered Plaintiff's symptoms consistent with the objective medical evidence; the intensity, persistence, and limiting effects of Plaintiff's symptoms; Plaintiff's function report and hearing testimony; medical opinions from several physicians; and Plaintiff's work history. R. at 16-19. Among other things, the ALJ found "nothing in the record to show that [Plaintiff] cannot perform work within the limitations set forth in [the RFC]," and "the preponderance of evidence in this case shows that [Plaintiff] is not precluded from all work." R. at 19. Plaintiff argues the RFC did not account for Plaintiff's syncopal episodes.[2] However, the ALJ included limitations

---

[2] Plaintiff also argues the ALJ erred in finding Plaintiff's syncopal episodes were of an "unknown/undetermined etiology." The record does not contain a definitive statement of the cause of Plaintiff's syncopal episodes. Whether the cause of Plaintiff's symptoms was known or unknown is not an issue for this Court. The ALJ determined Plaintiff's syncopal episodes were a severe impairment. R. at 15. The Court must determine

3

consistent with the medical evidence of record in Plaintiff's RFC, and the RFC reflects Plaintiff's syncopal episodes.

Plaintiff relies on the opinion of treating physician Dr. Laurence Kinsella, and argues the ALJ erred in not including all limitations assessed by Dr. Kinsella in the RFC. The ALJ gave substantial weight Dr. Kinsella's opinion to the extent it was consistent with the medical evidence. R. at 18. The RFC included Dr. Kinsella's limitations on standing or walking for a total of five hours but no more than twenty minutes continuously; sitting for a total of six hours; occasionally balancing, stooping, kneeling, crouching; and never driving or being exposed to heights, machinery due to periodic syncopal episodes. R. at 16, 802-03. Dr. Kinsella also opined Plaintiff was limited to lifting no more than five pounds, but the ALJ gave this limitation no weight because it was unsupported by the medical evidence. R. at 18. The medical evidence shows Plaintiff had normal muscle strength, range of motion, and motor function. R. at 400, 404, 406, 408, 517, 521, 533-35, 542-43, 568-69, 680, 689, 709, 716-723, 767, 806, 816, 836, 850-63, 874-75, 880-82, 885-86, 888-89, 891-92. A medical source statement completed by consultative examiner Dr. Kathrina Alexander indicated Plaintiff "demonstrates normal muscle bulk and tone," could frequently lift eleven to twenty pounds, continuously lift and carry up to ten pounds, and was able to reach, handle, and finger objects. R. at 816-820. Given the medical evidence, the ALJ did not err in assessing lesser limitations on Plaintiff's ability to lift and carry objects than those set forth by Dr. Kinsella.

Plaintiff further argues the RFC was not supported by substantial evidence because the ALJ did not account for Plaintiff's "uncontradicted testimony" in formulating the RFC. In essence, Plaintiff contends the ALJ erred in evaluating his credibility. The familiar standard for analyzing a claimant's subjective complaints is set forth in *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984):

> While the claimant has the burden of proving that the disability results from a medically determinable physical or mental impairment, direct medical evidence of the cause and effect relationship between the impairment and the degree of claimant's subjective complaints need not

---

whether Plaintiff's RFC accurately assesses Plaintiff's ability to perform sedentary work as defined in 20 C.F.R. § 404.156(a).

> be produced. The adjudicator may not disregard a claimant's subjective complaints solely because the objective medical evidence does not fully support them.
>
> The absence of an objective medical basis which supports the degree of severity of subjective complaints alleged is just one factor to be considered in evaluating the credibility of the testimony and complaints. The adjudicator must give full consideration to all of the evidence presented relating to subjective complaints, including the claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as:
>
> 1. The claimant's daily activities;
> 2. the duration, frequency and intensity of the pain;
> 3. precipitating and aggravating factors;
> 4. dosage, effectiveness and side effects of medication;
> 5. functional restrictions.
>
> The adjudicator is not free to accept or reject the claimant's subjective complaints solely on the basis of personal observations. Subjective complaints may be discounted if there are inconsistencies in the evidence as a whole.

*Id.* at 1322. The ALJ "need not explicitly discuss each *Polaski* factor...[t]he ALJ need only acknowledge and consider those factors before discounting a claimant's subjective complaints." *Eichelberger v. Barnhart*, 390 F.3d 584, 590 (8th Cir. 2004) (citations omitted); *see also Samons v. Apfel*, 497 F.3d 813, 820 (8th Cir. 2007).

The ALJ found Plaintiff's statements regarding the intensity, persistence, and limiting effects of his syncopal episodes "not entirely credible." R. at 17. The ALJ noted Plaintiff's complaints of disabling back pain, but found the medical evidence showed Plaintiff had normal muscle strength, range of motion, and motor function. R. at 17, 400, 404, 406, 408, 517, 521, 533-35, 542-43, 568-69, 680, 689, 709, 716-723, 767, 806, 816, 836, 850-63, 874-75, 880-82, 885-86, 888-89, 891-92. The ALJ noted Plaintiff's allegations of functional limitations, but Plaintiff's own function report indicates he is able to engage in a number of daily activities such as taking care of the family dog, preparing meals, doing laundry, vacuuming, and shopping for groceries. R. at 19, 211-15. Plaintiff even indicates he can drive a car, a restriction the RFC does not allow for. R. at 16, 214.

5

The ALJ also found Plaintiff's statements during his March 2015 consultative exam and August 2015 hearing were not consistent with the record. R. at 19. For example, Dr. Alexander's medical source statement includes Plaintiff's assessment that he could only sit for five minutes, stand for five to ten minutes, walk one block, and lift and carry only five pounds, but Plaintiff testified at his hearing that some days he could walk up to three blocks, stand "probably" fifteen to twenty minutes, sit for up to 45 minutes in a "comfortable" chair, and "usually" lift a gallon of milk. R. at 39, 814. The ALJ found this increase in functional capacity inconsistent with allegations of disability. R. at 19.

The ALJ also noted inconsistencies in the severity and frequency of Plaintiff's "major" and "minor" syncopal spells. R. at 19. Plaintiff reported his syncopal spells were several times a day in November 2014, making him unable to drive, work, or perform activities of daily living, and causing him to be "out" for three to five hours (R. at 749); were three to four times a week in March 2015, causing him to be "out for a few seconds to a few minutes" (R. at 806); were one to three times a week in June and July 2015, causing him to "pass[] out" (R. at 887, 890); and were occurring fifteen to twenty times a month in August 2015 (R. at 36). At his August 2015 hearing, Plaintiff reported his last "major" spell was "around Christmas" of the previous year. R. at 36.

Given the inconsistencies in the medical evidence and Plaintiff's subjective complaints of pain, the Court finds the ALJ did not err in finding Plaintiff "not entirely credible." The Court finds Plaintiff's RFC was supported by substantial evidence, including limitations assessed by medical opinions consistent with the record, and Plaintiff's credible subjective allegations. The Court finds the ALJ did not err in formulating Plaintiff's RFC.

### (B) Listing § 11.03

In his second point, Plaintiff argues the ALJ erred in failing to find Plaintiff's impairments met the requirements of Listing § 11.03 for epilepsy.[3] To qualify for a listed

---

[3] Plaintiff seeks remand to consider whether Plaintiff has a disability medically equivalent to Listing § 11.03. Doc. #11, at 47. The Court notes, as of September 2016, epilepsy is analyzed under Listing § 11.02, and Listing § 11.03 was combined with Listing § 11.02 to detail criteria for evaluating neurological disorders. *See* Revised

6

impairment, Plaintiff must meet a high standard requiring him to demonstrate a level of severity that "would prevent an adult, regardless of his age, education, or work experience, from performing *any* gainful activity, not just 'substantial gainful activity.'" *Sullivan v. Zebley*, 493 U.S. 521, 532 (1990) (emphasis in original). "For a claimant to show that his impairment matches a listing, it must meet *all* of the specified medical criteria." *Jones v. Astrue*, 619 F.3d 963, 969 (8th Cir. 2010) (emphasis in original). Plaintiff bears the burden to prove his impairment meets or equals a listing. *See Johnson v. Barnhart*, 390 F.3d 1067, 1070 (8th Cir. 2004) (citation omitted); *see also* 20 C.F.R. §§ 404.1512, 416.912. Plaintiff has not met this standard.

The ALJ evaluated Plaintiff's syncopal episodes under Listings §§ 11.02 and 11.03. R. at 16. Plaintiff argues the ALJ did not consider the frequency of Plaintiff's syncopal episodes in considering whether Plaintiff met Listing § 11.03. Listing § 11.03 requires Plaintiff to demonstrate seizures "occurring more frequently than once weekly in spite of at least 3 months of prescribed treatment." *Mann v. Colvin*, 100 F. Supp. 3d 710, 718 (N.D. Iowa 2015) (citation omitted). Despite Plaintiff's loss of consciousness at times, Plaintiff has not demonstrated his syncopal episodes occur at frequencies greater than once weekly for a period of twelve months. *See Jones ex. rel. Morris v. Barnhart*, 315 F.3d 974, 980 (8th Cir. 2003) (requiring a Plaintiff's disability to last at least twelve continuous months). Accordingly, Plaintiff has not met his burden to show the ALJ erred in finding Plaintiff did not meet Listing § 11.03.

## IV. CONCLUSION

The Court concludes there is substantial evidence in the record as a whole to support the ALJ's decision. The Commissioner's decision denying benefits is affirmed.

IT IS SO ORDERED.

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
DATE: September 6, 2017　　　　　　　UNITED STATES DISTRICT COURT

---

Medical Criteria for Evaluating Neurological Disorders, 81 F.R. 43048, 2016 WL 3619263 (July 1, 2016).